STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2001 AUG 28 P 3: 06 AM- CUM- 8/28/2001

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-21

FRANK GIACOBBI,

       Petitioner

v.                                                                DECISION AND ORDER

STATE OF MAINE,
UNEMPLOYMENT INSURANCE
COMMISSION,

       Respondent

The petitioner appeals the decision of the Unemployment Insurance Commission, in which the Commission affirmed, after remand and hearing, the Deputy's decision. See R. at 1-2, 8-10, 12-15, 53. The Deputy determined that the petitioner's unemployment benefits should be reduced based on $672.00, which was the amount of social security benefits the petitioner was receiving during his period of unemployment. See R. at 53. For the following reasons, the appeal is denied.

The petitioner terminated his employment on 6/15/99. At that time, he was receiving social security retirement benefits in the amount of $672.00 per month. A recipient of full social security benefits is entitled to earn no more than $9,600.00 annually. Any amount earned over that amount is subject to a 50% penalty.

After the petitioner left his employment, he collected unemployment benefits. His first check was for the week ending 6/26/99. At that time, the petitioner had also earned $9600.00 in wages for 1999. The Unemployment

1

Compensation Division reduced his weekly unemployment benefit by $78.00 per week. The petitioner continued to collect reduced unemployment benefits until he returned to work on 8/14/99. He continued to receive full social security benefits for the remainder of 1999. His total income for 1999 totaled $12,066.00.

The Commission determined that the petitioner's unemployment insurance benefits should be reduced based on his social security benefits of $672.00. See 26 M.R.S.A. § 1193(9) (1988). The petitioner argues that because of overpayment from social security, which was assessed in early 2000 after his 1999 income was determined, he received only $466.50 during the last six months of 1999. Accordingly, he argues, his unemployment insurance benefits should have been reduced based on $466.50 and not on $672.00.

The Employment Security Law contains no provision to allow retroactive determination of pension offsets. See 26 M.R.S.A. § 1193(9)(A)-(C) (1988). Further, the Rules Governing the Administration of the Employment Security Law provide that any social security overpayment would not be considered in determining the amount to be deducted from the petitioner's unemployment benefits during the period he was receiving those unemployment benefits. See 12-172 CMR Ch. 21, § 3(F).

The petitioner did not begin to accrue a social security overpayment until he returned to work in August, 1999. Although he had reached the $9,600.00 limit when he left his job in June, he did not exceed that limit until he began work in August and no longer received unemployment benefits. During the period when

2

he was unemployed and receiving unemployment benefits, he was entitled to full social security benefits. The respondent was not required to anticipate the petitioner's reemployment based on his obligation to look for work. Finally, the record does not reflect that the petitioner filed an estimate of future earnings with the Social Security Administration. See Record; contra Pet.'s Reply Brief at 1.

The Commission correctly applied the law and its findings of fact are supported by competent evidence. See McPherson v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818, 820.

The entry is

> The Petitioner's Appeal is DENIED. The Decision of the Maine Unemployment Insurance Commission is AFFIRMED.

Dated: August 28, 2001

Nancy Mills
Justice, Superior Court

3

Date Filed __04-20-01__ __Cumberland__ Docket No. __AP-01-21__
County

Action __Rule 80B/80C Appeal__



Frank Giacobbi

State of Maine
Unemployment Insurance Commission

vs.

Plaintiff's Attorney

Frank Giacobbi
45 State Street # 175
Montpelier, VT 05602

Defendant's Attorney

Pamela Waite, AAG
Elizabeth Wyman, AAG.
6 State House Station
Augusta, ME 04333-0006

| Date of Entry | |
|---|---|
| 2001 April 20 | Received 04-20-01<br>Summary Sheet filed.<br>Petition for Review with attachment filed. |
| April 24 | Received 4-24-01.<br>Letter from Pamela Waite, AAG and Elizabeth Wyman, AAG entering their appearance for the Appellee and informing the court of their position filed. |
| May 18 | Received 05-18-01:<br>Certification of Record filed. |
| May 23 | On 5-23-01.<br>Briefing schedule mailed. Petitioner's brief due 6-27-01. |
| June 19 | Received 6-19-01.<br>Petitioner's brief filed. |
| July 23 | Received 07-23-01:<br>Respondent's Brief with Exhibit 1 and 2 filed. |
| July 26 | Received 7-25-01:<br>Claimant's Reply Brief filed. |
| Aug. 28 | Decision and Order filed. (Mills, J.)<br>The Petitioner's Appeal is DENIED. The Decision of the Maine Unemployment Insurance Commission is AFFIRMED. |
| "        " | Copies Mailed to Frank Giacobbi, Esq., Pamela Waite, AAG and Elizabeth Wyman, AAG. |